UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN S. WATTS,

    Plaintiff,

v.                                          CAUSE NO. 3:25-CV-467 DRL-SJF

IU HEALTH UNIVERSITY *et al.*,

    Defendants.

## OPINION AND ORDER

Ryan S. Watts, a prisoner without a lawyer, filed an amended complaint. ECF 8. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Under 28 U.S.C. § 1915A, the court still must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against an immune defendant.

Upon review, Mr. Watts's amended complaint is confusing and difficult to understand. He alleges that from November 23, 2024 to November 24 2024:

> Discharged paitawt stating i was better and bleeding was done minutes after singning and aginst my decishion i wanted another day [illegible] it had not been 24 hr when discharge was singnied and these decishion was provon wrong both on head [illegible] suppose and RN who made decishion [illegible] days after resinging into failing to do proper surgery 8 days doing [illegible] proceegers after and over there doing a procciger that did not work called i can't remember but going through growne stating [illegible] into an area unknown guessing what artery and did not work putting me at high risk for stroke or heart attack. They have violated my

> [illegible] rights both callouse and [illegible] of ER doctors perfeginail evaul of why [illegible] to Indy IU Health at laport hospt [illegible] of provideing proper health care.
>
> [T]here never was proper assesment from laport doctors findings or taken into consideraitien. Observaitions to discharge [illegible] was callouse and before getting dressed and knowing the risks of and going by opinion was wrong on all involed. It was 1st ordered by doctor a laport to lifeline their denied by lifeline and [illegible] agin in ambulance ride to IU Health after days of nothing being done not getting proper surgery that ER Doc said disregaurde [illegible] after days of 8 exact would be the fix after pain suffering a discharge before [illegible] hr. had even lapsed, was to go to the infirmary at Westville Correctional to heal and was there 1 night took to different dorm not [illegible] moved to for safety and within 15 min was [illegible] agin.[1]

ECF 8 at 1-3. Though unclear, Mr. Watts appears to be suing IU Health University and a host of unnamed doctors and nurses who were involved in a medical procedure or medical treatment he had in November 2024. *Id*. He seems to allege that the procedure and treatment were unsuccessful and he was discharged from the hospital too early. *Id*. at 2-3.

Rule 8 of the Federal Rules of Civil Procedure requires that a complaint contain a "short and plain statement" showing an entitlement to relief. Fed. R. Civ. P. 8. It requires a complaint to be "presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a claim. *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990); *see also United States ex rel. Garst v. Lockheed-Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) (holding that Rule 8 "requires

---

[1] Mr. Watts's amended complaint contained a number of illegible words. To the extent possible, the court attempted to provide a verbatim restatement of the facts from the amended complaint and to decipher as best it could.

2

parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud"). Mr. Watts's amended complaint does not meet this standard because it is difficult to understand, unduly vague, and lacking in necessary detail. He has not explained or described the events in this case in such a way as to allow the court to ascertain why he is suing the defendants and what each defendant did to violate his constitutional rights. Mr. Watts's allegations are too vague to state claims.

Furthermore, Mr. Watts has not identified the defendants he is suing, with the exception of IU Health University. Instead, he lists the defendants as: "Specilist Ear through Nose Specilist Doctor, MDs, RN, PDS, MDS Ear throught Nose Specilist MD, MD Doctor, RN, MDs, Ear Nose throut Specilist Doctor, RN, and MDs." ECF 8 at 1. To state a federal claim under § 1983 a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Mr. Watts has not pleaded facts showing that the defendants acted under color of state law or provided the court with the names of the defendant.[2]

---

[2] To the extent Mr. Watts may have intended to raise a state law claim based on medical malpractice, he has not pled facts showing that this court has jurisdiction over the claim. For a federal court to hear a case with only state-law claims, diversity jurisdiction under 28 U.S.C. § 1332 must be present. Diversity jurisdiction requires that the amount in controversy exceeds $75,000, and that there is complete diversity of citizenship between Mr. Watts and each of the defendants. See 28 U.S.C. § 1332. The court also notes that medical malpractice claims are governed solely by the Indiana Medical Malpractice Act. *Jeffries v. Clark Mem'l Hosp.*, 832 N.E.2d 571, 573 (Ind. Ct. App. 2005). "Before a medical malpractice action may be commenced in any court of [Indiana], the Medical Malpractice Act requires that a proposed complaint be presented to a medical review panel and an opinion rendered by the panel." *H.D. v. BHC Meadows Hosp.*,

3

The amended complaint is short on facts, dates, and specifics about the medical treatment Mr. Watts received at the end of November 2024. A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations and footnote omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotations and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This amended complaint does not state a claim for which relief can be granted. If Mr. Watts believes he can state a claim based on (and consistent with) the events described in this complaint, he may file a second amended complaint because "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early

---

*Inc.*, 884 N.E.2d 849, 853 (Ind. Ct. App. 2008); Ind. Code § 34-18-8-4. There is no indication that Mr. Watts complied with the Indiana Medical Malpractice Act.

4

stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). If Mr. Watts decides to file a second amended complaint, he needs to write a short and plain statement explaining what happened to him in his own words. He needs to include dates and explain what each defendant did wrong. He needs to use each defendant's name every time he refers to that defendant. To file a second amended complaint, he needs to write this cause number on a **Pro Se 14 (INND Rev. 2/20) Prisoner Complaint** form, which is available from his law library. He needs to write the word "Second Amended" on the first page above the title "Prisoner Complaint" and send it to the court after he properly completes the form.

For these reasons, the court:

(1) DIRECTS the clerk to separately docket the amended complaint (ECF 8);

(2) GRANTS Ryan S. Watts until **September 12, 2025**, to file a second amended complaint; and

(3) CAUTIONS Ryan S. Watts that, if he does not respond by the deadline, this case will be dismissed under 28 U.S.C. § 1915A without further notice because the current complaint does not state a claim for which relief can be granted.

SO ORDERED.

August 15, 2025        *s/ Damon R. Leichty*
                       Judge, United States District Court

5