UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

RYAN S. WATTS,

      Plaintiff,

      v.                                                         CAUSE NO. 3:25cv467 DRL-SJF

HENRY C. KIM, BENJAMIN M.
WAHLE, BRADLEY BOHNSTEDT,
MARIANNA ZAGUROVSKAYA,
RACHEL L. DAY, ALIANA
MOSHERRY, E. MICHAEL HARNED,
JANE DOE 1, JOHN DOE 2, and
JACKSON,

      Defendants.

OPINION AND ORDER

Ryan S. Watts, a prisoner without a lawyer, began this case by filing an unsigned complaint. ECF 1. When he filed a signed complaint, the court found it did not state a claim and granted him leave to file an amended complaint. ECF 11 and 12. In response, he filed an amended complaint that was stricken because he did not use the court's form as required under N.D. Ind. L.R. 7-6. ECF 13 and 24. He then filed another amended complaint followed by another a few weeks later. ECF 27 and 30. Though he did not ask to file the later complaint, the court accepts it as his operative complaint. *See Chasensky v. Walker*, 740 F.3d 1088, 1094 (7th Cir. 2014) ("When a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward[.]").

"A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotations and citations omitted). Nevertheless, under 28 U.S.C. § 1915A, the court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Mr. Watts alleges a doctor at Franciscan Health in LaPorte discharged him on November 23, 2024, after improperly diagnosing his nasal hemorrhaging. When he returned unconscious the next day, a different doctor sought approval for him to be flown to IU Health in Indianapolis. That request was denied, but Mr. Watts was transported by ambulance.

Under the Eighth Amendment, inmates are entitled to constitutionally adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). For a medical professional to be held liable for deliberate indifference to an inmate's medical needs, he must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). "In the inadequate medical care context, deliberate indifference does not equate to medical malpractice; the Eighth Amendment does not codify common law torts. It is important to emphasize that medical malpractice, negligence, or even gross negligence does not equate to deliberate indifference." *Johnson v. Dominguez*, 5 F.4th 818, 825 (7th Cir.

2021) (cleaned up). Deliberate indifference is "something approaching a total unconcern for [the plaintiff's] welfare in the face of serious risks, or a conscious, culpable refusal to prevent harm." *Duane v. Lane*, 959 F.2d 673, 677 (7th Cir. 1992). This total disregard for a prisoner's safety is the "functional equivalent of wanting harm to come to the prisoner." *McGill v. Duckworth*, 944 F.2d 344, 347 (7th Cir. 1991).

A complaint must contain sufficient factual matter "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (quotations, citations, and footnote omitted). "[When] the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quotation marks and brackets omitted). Thus, "a plaintiff must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010).

This new complaint does not state a claim against either doctor at Franciscan Health. The first doctor diagnosed him with a nosebleed. Perhaps she could have run more tests before discharging Mr. Watts, but the complaint provides no facts from which

it can be plausibly inferred that she was totally unconcerned for his welfare. Inmates are "not entitled to demand specific care [nor] entitled to the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). The second doctor recommended that he be airlifted to another hospital for surgery. Air transport was not approved and other doctors at IU Health disagreed with the surgical referral, but there is no indication the second doctor was deliberately indifferent.

When Mr. Watts arrived at IU Health, several doctors declined to perform the recommended surgery. A "mere disagreement between a prisoner and his doctor, or even between two medical professionals, about the proper course of treatment generally is insufficient, by itself, to establish an Eighth Amendment violation." *Lockett v. Bonson*, 937 F.3d 1016, 1024 (7th Cir. 2019) (cleaned up). Mr. Watts is suing seven IU Health doctors. This pleading provides no facts from which it can be plausibly inferred that their disagreement with the surgical referral was based on anything other than their professional judgment. Though his nose hemorrhaged again before he was discharged from IU Health, there are no facts showing that any of the doctors were totally unconcerned for his welfare when they declined to perform surgery.

> [M]edical professionals are not required to provide proper medical treatment to prisoners, but rather they must provide medical treatment that reflects professional judgment, practice, or standards. There is not one proper way to practice medicine in a prison, but rather a range of acceptable courses based on prevailing standards in the field. A medical professional's treatment decisions will be accorded deference unless no minimally competent professional would have so responded under those circumstances.

*Jackson v. Kotter*, 541 F.3d 688, 69798 (7th Cir. 2008). This complaint does not state a claim against the IU Health defendants.

"The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018). "District courts, however, have broad discretion to deny leave to amend a complaint where the amendment would be futile." *Russell v. Zimmer, Inc.*, 82 F.4th 564, 572 (7th Cir. 2023). Mr. Watts has had several opportunities to amend in the year since he filed this case. It is time to dismiss this case.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A because the amended complaint does not state a claim.

SO ORDERED.

June 12, 2026                                    *s/ Damon R. Leichty*
                                                 Judge, United States District Court